**Brenda P. USHER, Plaintiff— Appellant,**

v.

**SACRAMENTO COUNTY, Defendant—Appellee.**

No. 02–17156.

D.C. No. CV–00–2284–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Jan. 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

**12**

Gaspar Garcia, II, Garcia & Associates, Sacramento, CA, for Plaintiff–Appellant.

Michael W. Pott, Porter, Scott, Weiberg & Delehant, Sacramento, CA, for Defendant–Appellee.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM\*\*

Brenda Usher appeals the district court's grant of summary judgment in favor of the County of Sacramento (the "County") on Usher's claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e—2000e–17 (2003). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). We affirm.[1]

Usher may show that she was the victim of unlawful discrimination and/or retaliation either by direct evidence, or by providing circumstantial evidence under the familiar burden-shifting procedure of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Lyons v. England,* 307 F.3d 1092, 1112 (9th Cir.2002) (discrimination); *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000) (retaliation). The burden-shifting analysis is viewed "in light of the traditional summary judgment test" and the nonmoving party must "produce *specific* facts showing that there remains a genuine factual issue for trial." *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 731 (9th Cir.1986) (quotation marks omitted).

### I. Discrimination Claim

■ Usher offered no direct evidence that the County acted out of racial animus. To establish a prima facie case of discrimination under *McDonnell Douglas,* Usher must show that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subjected to an adverse employment action; and (4) similarly situated social workers of other races were treated more favorably. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 658 (9th Cir.2002). Usher offered no evidence that social workers outside of her protected class, who had performed and acted in ways comparable to

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

her, were treated more favorably than she was treated. Usher's conclusory statement that the evidence she presented of pretext, shows that the County's actions "occurred under circumstances giving rise to an inference of discrimination," is insufficient to sustain her burden on summary judgment. Therefore, we affirm the grant of summary judgment on Usher's discrimination claim.

## II. Direct Evidence of Retaliation

■ Usher contends that she has direct evidence of retaliation because Diane Wadsworth–Wooley testified that Martina Jarvis threatened to retaliate against Usher by saying: "You better change the court report or else." Even if we assume Usher offered admissible evidence of Jarvis' comment, this threat was made prior to Usher engaging in conduct protected by Title VII and is not probative of an intent to retaliate against her for engaging in any subsequent protected conduct.

## III. Indirect Evidence of Retaliation [2]

■ Even assuming that Usher established a prima facie case of retaliation under *McDonnell Douglas,* the County produced sufficient evidence to show that it disciplined Usher based on, *inter alia,* her handling of the Joseph incident and the County's dissatisfaction with her job performance. Moreover, the County also offered evidence that the denial of step increases during the pendency of the Joseph disciplinary proceedings was authorized by a collective bargaining agreement.

Accordingly, the County has met its burden to show legitimate, non-retaliatory reasons for disciplining Usher.

Under *McDonnell Douglas,* the burden shifts to Usher to produce either direct evidence, or "specific" and "substantial" circumstantial evidence, that the County's reasons for the adverse actions were a pretext to retaliate against her. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir.1998). It is irrelevant whether the County's proffered explanations "were *objectively* false … courts only require that an employer honestly believed its reasons for its actions, even if its reason is foolish or trivial or even baseless." *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir.2002) (citation omitted).

Usher offered no direct evidence of pretext, but argues that each adverse employment action was unjustified because she acted appropriately during: (1) the June 1997 court incident; (2) the November 1997 court incident; (3) the February and November 1998 telephone incidents; and (4) the Joseph incident. However, not only has Usher failed to show that the County's version of these events is objectively false, she has also failed to offer evidence that the County's version of these events was manufactured as a pretext to retaliate against her.

Usher also argues that her evaluations from 1990 through 1996, and one from 1999, show that she was a good employee. However, most of these evaluations oc-

---

2. At times, Usher bases her retaliation claim on a "hostile work environment." *See Ray v. Henderson,* 217 F.3d 1234, 1244–45 (9th Cir. 2000) (retaliation claim may be based on a "hostile work environment"). However, because Usher offered no evidence that she was "subjected to verbal or physical conduct of a racial or sexual nature," she fails to establish that she was subjected to a "hostile work environment" that is actionable under Title

VII. *Vasquez v. County of Los Angeles,* 349 F.3d 634, 2003 WL 22519422, *4 (9th Cir. 2003). Usher's failure to show a "hostile work environment" is also fatal to any claim that she was constructively discharged. *See Brooks,* 229 F.3d at 930 ("[w]here a plaintiff fails to demonstrate … a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge").

curred prior to her employment as an MSW Black Culture. While Usher received mostly satisfactory evaluations during her first year of employment as an MSW, even the earliest evaluations note problems with Usher's written work and how she dealt with the public. Moreover, in her 1999 evaluation, Usher was given low marks for her handling of the Joseph incident and the phone incidents in 1998. If anything, Usher's evaluations support that the County was genuinely displeased with how she handled these incidents, and with her written work.

■ Usher also claims that evidence of harassment shows pretext. Usher argues harassment can be inferred because: (1) Jarvis stood by her cubicle for no reason; (2) she was criticized in a case where she did not know there had been a change of law; and (3) Helen Barber instructed her to start using "standard English." Only the third of these reasons might evidence unlawful harassment. However, Barber did not generally criticize Usher's use of English, but rather commented on one report prepared by Usher. Although the report itself is not in evidence, Barber also wrote that to correct the report Usher should "[w]rite in sentence format and check for spelling and correct usage of words." Barber's concerns with Usher's writing exemplify the County's general concern with Usher's written work, and Usher offered no evidence that her written work was satisfactory. Therefore, Barber's isolated comment is insufficient to create a triable issue regarding whether the County acted with a retaliatory motive.

Finally, Usher asserts that pretext can be inferred from the County's alleged false assertion that it lowered her caseload. However, Usher offered no evidence that the County did not lower her caseload. In short, Usher has not offered "specific" and "substantial" evidence to show that the County's articulated non-retaliatory reasons for disciplining her were pretextual. The grant of summary judgment on Usher's retaliation claim is affirmed.

For the reasons stated above, the judgment of the district court is

AFFIRMED.